Martin, J.
This action was for negligence. On the 7th day of June, 1883, the plaintiff was injured on the defendant’s railroad. He was in the employ of the defendant as brakeman when the accident occurred. The plaintiff claims that the accident and his consequent injury was occasioned by the incompetency of one Shively, a co-employee, as brakeman. He also claims that the defendant was negligent in employing Shively.
It was the duty of the defendant to exercise reasonable and ordinary care and diligence in the selection of its servants; if it did not exercise such care and negligently, or knowingly employed a person who was incompetent or unfit for the duties to which he was assigned, the defendant is liable to respond in damages to its other employees engaged in the same service for any injury sustained by reason of such incompetency or unfitness. The care to be exercised by the master in the selection of servants is such as is reasonable and proper in view of the nature and character of the business, and the consequences likely to flow from a negligent or unskillful execution of the work. These principles are so well settled in this state that it would be an act of supererogation to cite the numerous authorities supporting them.
Negligence is not, however, to be presumed, but must be proved. When the law imposes a duty upon another it presumes that such duty was properly performed. The mere fact that a fellow servant is incompetent, does not tend even prima facie to establish negligence on the part of the master, but the. burden is upon the servant seeking to recover, to establish the fact that the_ injury resulted to him because the master did not exercise reasonable and proper care in selecting such servant. This must be established as a fact in the case, and cannot result as the inference from the circumstance that the servant causing the injury was in fact incompetent. Wood’s Law of Master and Servant, 800; Baulec v. N. Y. and H. R. R. R. Co., 59 N. Y., 356.
Before the plaintiff was entitled to recover or even a question of fact for the jury was presented, he was bound to establish affirmatively by his proof not only that Shively was incompetent for the position of brakeman, but also that the defendant did not exercise proper care and diligence in selecting him for that position.
*353 The evidence relied upon by the plaintiff to establish the in competency of Shively was, first, the fact that when the signal was given to remove the pin from the coupling between the engine and the car next to it, he neither answered the signal nor removed the pin (he had, however, already removed it); and second, that for the two days he had been engaged with the plaintiff in working for the defendant he had borne a very poor reputation as a railroad man among the hands on that particular train. It may be barely possible that this evidence was sufficient to present -a question of fact as to the competency of Shively, but it was wholly insufficient to overthrow the presumption that the defendant exercised proper and reasonable care and diligence in selecting and employing him. As we' have already seen, the mere fact that he was incompetent was insufficient to establish such negligence.
It may be said that the defendant should have known his reputation as a railroad man. The answer to that suggestion is, that there was no evidence that he had other than a good reputation at the time of his employment, or at any other time except during the two days in which he was engaged in making a single trip over the defendant’s 3’oad; surely there can be no inference of negligence from that evidence.
We think there was not sufficient evidence of the defendant’s negligence -to present a question of fact for the jury, and that the plaintiff was properly non-suited.
Moreover, there is very strong if not conclusive evidence, that the plaintiff was guilty of contributory negligence.
The plaintiff’s exception to the i’efusal of the court to open the case after he had l’ested, was not well taken; whether it would do so was discretionary. Caldwell v. N. J. Steamboat Co., 47 N. Y., 282; Marshall v. Davies, 78 id., 414.
We cannot say that there was any abuse of that discretion; indeed, the reasons given by the court on the trial for his refusal, seem sufficient to justify his ruling.
Our conclusions are that none of the exceptions taken by the plaintiff were valid; that the case was properly disposed of at the circuit; and that the order and judgment appealed from should be affirmed, with costs.
Hardin P. J., and Follett, J., concur.